# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **WALTER SPROUL,** <br><br> Plaintiff, <br><br> v. <br><br> **SUN LIFE ASSURANCE COMPANY of CANADA,** <br><br> Defendant. | Civil Action No. 3:22CV-635-RGJ <br><br> **COMPLAINT** |

## INTRODUCTION

1. This complaint seeks legal and equitable damages arising from and relating to a long-term disability insurance policy issued and underwritten by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3. The factual allegations found in this complaint are not exhaustive and are presented throughout this complaint so as to provide Defendant with the requisite notice of the basis for Plaintiff's allegations.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District

of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff Walter Sproul ("Mr. Sproul") is a citizen of the United States, a resident of the Commonwealth of Kentucky, and an insured participant under the long-term disability insurance policy ("LTD Policy") at issue in this lawsuit.

7. Defendant Sun Life Assurance Company of Canada ("Sun Life") is the insurer of the LTD Policy at issue in this lawsuit. Sun Life's statutory home office is located at One York Street, Toronto, Ontario. At all relevant times, Sun Life was an insurance company operating within and throughout the Commonwealth of Kentucky under DOI ID 301811, FEIN Number 381082080 and NAIC Number 80802. Sun Life's agent for service of process is Kerri R. Ansello, 96 Worcester Street, Law Dept., Wellesley Hills, Massachusetts 02481.

## FACTS

8. Mr. Sproul is insured under the LTD Policy issued and underwritten by Sun Life.

9. Mr. Sproul ceased work in December 2021 because of the physical limitations resulting from his disabling conditions and corresponding treatment regimen. Subsequent to ceasing work, Mr. Sproul has remained continuously disabled and unable to perform the duties necessary to engage in either his prior employment or any gainful employment.

10. Mr. Sproul applied for the LTD Policy disability benefits and provided Sun Life with all necessary evidence, documents and information to approve his claim.

11. By letter dated August 11, 2022, Sun Life notified Mr. Sproul that he did not satisfy the LTD Policy definition of disability and denied his claim.

12. The denial of Mr. Sproul's LTD Policy benefits was flawed and failed to strictly adhere to the ERISA claim regulations for a number of reasons, including, *inter alia*:

- Failing to establish and maintain reasonable procedures governing the … notification of benefit determinations.

- Failing to provide a written notification of an adverse benefit determination that provides a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary.

- Failing to provide a written notification of an adverse benefit determination that provides an explanation of the basis for disagreeing with or not following the views presented by the claimant to the plan of health care professionals treating the claimant and vocational professionals who evaluated the claimant.

- Failing to consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

13. In administering Mr. Sproul's claims, as the denial letter makes clear, Sun Life actively sought to deny his LTD Policy benefits.

14. Mr. Sproul has met and continues to meet the respective requirements of the LTD Policy necessary to receive—and continue to receive—disability benefits.

15. At all times relative hereto, Sun Life has been operating under an inherent and structural conflict of interest because any disability benefits provided to Mr. Sproul are paid from Sun Life's own assets with each payment depleting those same assets.

16. Sun Life's corporate culture pressures claims personnel to deny or terminate claims to reduce disability benefits it must provide.

17. Employees who save Sun Life money by terminating or denying claims are more likely to be rewarded (e.g., with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

18. Based on Sun Life's failure to strictly adhere to the ERISA claim regulations (*see supra*), Mr. Sproul is deemed to have exhausted his administrative remedies and is entitled to

pursue the relief requested herein.[1]

19. Sun Life's failure to strictly adhere to the ERISA claim regulations was not *de minimis* but represents a pattern and practice of violating the claim regulations.

20. Sun Life's failure to strictly adhere to the ERISA claim regulations both prejudiced and harmed Mr. Sproul.

21. Mr. Sproul's complaint is timely and is not otherwise time barred.

## CLAIMS

**A.  Breach of Contract**

22. The LTD Policy constitutes a written contract.

23. Sun Life breached the terms of the LTD Policy by, among other things, improperly denying Mr. Sproul's disability benefits.

24. Sun Life's breaches damaged Mr. Sproul, not only in the loss of his LTD Policy benefits, but also in the loss of earnings on his disability benefits, the loss of opportunity, and the attorneys' fees and costs incurred.

25. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Mr. Sproul to enforce the contractual terms of the LTD Policy, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**B.  Attorneys' Fees & Costs**

26. As a result of Sun Life's improper conduct, Mr. Sproul has incurred attorneys'

---

[1]  *See* 29 CFR 2560.503-1(l)(2)(i) ("In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan…Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.").

fees and costs.

27. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Mr. Sproul to recover his reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

28. Mr. Sproul requests the Court enter judgment in his favor and against Sun Life on all claims asserted herein, to include legal and equitable relief as appropriate.

29. Mr. Sproul requests the Court award reasonable attorneys' fees and costs.

30. Mr. Sproul requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by Sun Life on the unpaid benefits.

31. Mr. Sproul requests the Court award any and all other legal or equitable relief to which he may be entitled.

32. Mr. Sproul requests leave to amend his claims when and as necessary to ensure he receives substantial justice.

33. Mr. Sproul requests the Court deem his pleadings to confirm to the evidence.

*　*　*　*　*　*　*　*　*　*

Dated:  December 1, 2022				Respectfully submitted,

/s/ Andrew M. Grabhorn

**Grabhorn Law | Insured Rights**®
Michael D. Grabhorn, CLU ChFC
(KBA 89842)_
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
(KBA 96477)
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331
f: (502) 244-9334

*Counsel for Plaintiff*